# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT M. BELLONE AND ANTIONETTE BELLONE<br>　　　Plaintiffs<br><br>　　　　　　v.<br><br>TONY R. STONE AND/OR JOHN DOES 1-10 (being fictitious persons at this time), WARD TRUCKING, LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time)<br>　　　Defendants | :<br>:<br>:<br>:<br>: CASE NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**
Glen Devora, Esquire
Jonathan D'Agostino & Associates
3309 Richmond Avenue
Staten Island, NY 10312
**Attorney for Plaintiff**

**PLEASE TAKE NOTICE** that Defendants Ward Trucking, LLC and Tony Stone hereby remove this action to this Honorable Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Defendants Ward Trucking, LLC and Tony Stone respectfully submit as follows:

1.　　On or about February 22, 2019 Plaintiffs Robert Bellone and Antionette Bellone filed a civil action in the Superior Court of New Jersey, Law Division, Middlesex County, styled as *Robert M. Bellone and Antoinette Bellone v. Tony R. Stone and/or John Does 1-10(being fictitious persons at this time), Ward Trucking, LLC and/or ABC Companies 1-10 (being fictious*

*entities unknown at this time)*, Docket No. MID-L-1647-18.  A copy of the Complaint is attached and marked as Exhibit "A."

2. Upon information and belief, the Complaint was served on Defendants Ward Trucking, LLC and Tony Stone on March 12, 2019.

3. Pursuant to 28 U.S.C. §1446(a), all process, pleadings and Orders that have transpired in the State Court action as of the date of this filing are attached at Exhibit "A."

4. The Superior Court of New Jersey, Middlesex County, is located within the district for the United States District Court for the District of New Jersey.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332, in that the true parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Plaintiff alleges significant and permanent bodily injuries and pain and suffering and discomfort as a result of the motor vehicle accident that occurred on November 14, 2017.  Further, Plaintiff alleges he has been, and will be, caused to incur medical expenses in an attempt to affect a cure for his injuries and has been, and will be, caused to be unable to pursue his usual occupation and activities.  However, there is no specific prayer for relief.  See Exhibit "A."

7. Removal is timely pursuant to 28 U.S.C. §1446(b)(3) in that this Petition is being filed within thirty (30) days after Defendants received notice that the amount in controversy was in excess of $75,000.00.

8. Upon information and belief, Plaintiffs maintain their present domicile at 131 47th Street, Queens, New York, and are adult individual citizens of the State of New York in accordance with 28 U.S.C. §1332.  See Exhibit "A" at ¶1

9. Defendant Tony Stone maintains his domicile and residence at 176 Willow Court, Bensalem, PA, which is his true, fixed and permenant home and place of habitation such as

9. Defendant Tony Stone maintains his domicile and residence at 176 Willow Court, Bensalem, PA, which is his true, fixed and permenant home and place of habitation such as whenever he is absent, he has the intention of returning and thus he is a citizen of the Commonwealth of Pennsylvania in accordance with 28 U.S.C. §1332.

10. Defendant Ward Trucking, LLC is a limited liability company with its principal place of business in Altoona, Pennsylvania.

11. Defendant Ward Trucking, LLC is a wholly owned subsidiary of the parent company, Ward Transport & Logistics, Corp., which is a Pennsylvania corporation with its principal place of business in Pennsylvania where it sits as the sole member of Ward Trucking, LLC; and therefore Ward Trucking, LLC is a citizen of the Commonwealth of Pennsylvania in accordance with 28 U.S.C. §1332.

12. Diversity exists as to the parties. See 28 U.S.C. §1332(a)(2); *Moore's Federal Practice* § 107.14(2)(c) ("a federal district court has original jurisdiction of all civil actions in which the amount in controversy is satisfied and the action is between citizens of the state and citizens or subjects of a foreign state. This judicial power has often been referred to as alienage jurisdiction.").

13. In compliance with 28 U.S.C. §1446(d), Defendants Ward Trucking, LLC and Tony Stone will promptly serve the Superior Court of New Jersey, Middlesex County, Law Division with a docketed copy of the within Petition for Removal.

WHEREFORE, the Removing Defendants hereby give notice that the above action, now pending against them in the Superior Court of New Jersey, Middlesex County, is removed to the United States District Court for the District of New Jersey.

## LOCAL CIVIL RULE 11.2

I, Matthew T. Pisano, Esquire hereby certify pursuant to Local Civil Rule 11.2, that the above captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**PISANO LAW FIRM**

By: _____
Matthew T. Pisano, Esquire (MP8104)
Pisano Law Firm
309 Fellowship Road
East Gate Center, Ste. 200
Mount Laurel, NJ 08054
Attorneys for Defendants Ward Trucking, LLC and Tony Stone

Date: 4/8/19