# EXHIBIT A

Glen Devora, Esq. (ID No. 03935 2000)
JONATHAN D'AGOSTINO & ASSOCIATES, P.C.
3309 Richmond Avenue
Staten Island, New York 10312
718-967-1600
Attorney for Plaintiffs, Robert M. Bellone and Antoinette Bellone

| | |
|---|---|
| **ROBERT M. BELLONE and ANTOINETTE BELLONE**<br><br>Plaintiff<br><br>vs.<br><br>**TONY R. STONE** and/or **JOHN DOES 1-10** (being fictitious persons unknown at this time), **WARD TRUCKING LLC** and/or **ABC COMPANIES 1-10** (being fictitious entities unknown at this time),<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO: MID-L- 001647 -19<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, ROBERT M. BELLONE and ANTOINETTE BELLONE residing at 131 47th Street, in the Borough of Queens, County of Queens and State of New York, by way of Complaint says:

### FIRST COUNT

1. On or about November 14, 2017, the Plaintiff, ROBERT M. BELLONE was the owner and operator of a motor vehicle, which was traveling east on Woodbridge Avenue at the intersection of Meadow Road, in the Township of Edison, County of Middlesex and State of New Jersey.

2. At the aforesaid time and place, Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) was the operator of a tractor trailer owned by Defendant, WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time) which was traveling east on Woodbridge Avenue near the intersection of Meadow Road, in the Township of Edison, County of Middlesex and State of New Jersey.

3. At the aforesaid time and place, Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time), so negligently, carelessly, operated, maintained, and/or controlled the tractor trailer owned by Defendant, WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious

entities unknown at this time) so as to cause a collision between the tractor trailer and the motor vehicle owned and operated by Plaintiff.

4. At the aforesaid time and place, Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time), was operating the tractor trailer as an agent, servant and/or employee of Defendant, WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time).

5. At the aforesaid time and place, Defendant, WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time), so negligently and carelessly owned and/or maintained the tractor trailer which was being operated, maintained and/or controlled by Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) entrusted said tractor trailer to Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) permitted said tractor trailer to be driven by Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) so as to cause same to strike the motor vehicle owned and operated by Plaintiff, ROBERT M. BELLONE.

6. As a direct and proximate result of the negligence of the Defendants, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) and WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time) the Plaintiff, ROBERT M. BELLONE was injured, has incurred and in the future will incur expenses for the treatment of his injuries, has been disabled and in the future will be disabled and not able to perform his usual functions, and has been and in the future will be caused great pain and suffering, to their great loss and damages.

7. At the aforesaid time and place, the Defendant, WARD TRUCKING LLC and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time) was the employer of Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time).

8. At the aforesaid time and place, the Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time, was in the course of his employment for Defendant, WARD TRUCKING LLC and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time).

9. At the aforesaid time and place, the Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time), was operating a tractor trailer owned by Defendant, WARD TRUCKING LLC and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time), which was used primarily within the normal course of business for Defendant, WARD TRUCKING LLC and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time).

10. At the aforesaid time and place, Defendant, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time, was acting within the scope of servitude agency and/or employment for Defendant, WARD TRUCKING LLC and/or ABC COMPANY 1-10 (being fictitious entities unknown at this time).

11. That the aforesaid occurrence, and the results thereof, were in no way caused by any carelessness or negligence on the part of the Plaintiff, ROBERT M. BELLONE, but were solely and wholly to the joint, several and/or concurrent negligence of the Defendants, their agents, servants, employees and/or licensees in wrongfully and unlawfully causing the pain and suffering of the Plaintiff, ROBERT M. BELLONE

**WHEREFORE**, Plaintiffs, ROBERT M. BELLONE and ANTOINETTE BELLONE, demands judgment against Defendants for damages, together with interest, attorney's fees, costs of suit, and any other relief the Court deems just.

## SECOND COUNT

Plaintiffs repeat and reiterate each and every allegation contained in the First Count of the Complaint as set forth herein at length.

1. At the aforesaid time and place, the Plaintiffs were married and continue to be married.

2. As a direct and proximate result of the negligence of the Defendants, TONY R. STONE and/or JOHN DOES 1-10 (being fictitious persons unknown at this time) and WARD TRUCKING LLC and/or ABC COMPANIES 1-10 (being fictitious entities unknown at this time) Plaintiffs, ROBERT M. BELLONE and ANTOINETTE BELLONE, were caused to suffer and will continue to suffer in the future, loss of consortium, loss of society, affection assistance and conjugal fellowship, all to the detriment of their marital relationship.

**WHEREFORE**, Plaintiffs, ROBERT M. BELLONE and ANTOINETTE BELLONE, demands judgment against Defendants for damages, together with interest, attorney's fees, costs of suit, and any other relief the Court deems just

### DEMAND FOR ANSWERS TO INTERROGATORIES

The Plaintiff demands that each defendant supply answers to Uniform Interrogatories, Form C and C (2) with the time frame allowed by the Rules of Court.

### DEMAND FOR ANSWERS TO NOTICE TO PRODUCE DOCUMENTS

The Plaintiff demands that each defendant provide documents pursuant to the following Notice to Produce Documents within the time frame provided by the Rules of Court.

1. Please produce all polices of insurance, including, but not limited to, primary policies, excess policies, umbrella policies, or any other policy that is available for coverage and payment of the Plaintiff's claim.
2. Please produce all statements made by any party to this matter.
3. Please produce all statements made by any witness to the alleged accident.
4. Please produce all background searches, C.I.B. searches, or any other search regarding past personal injury claims, or personal injury lawsuits, of any nature, made by the Plaintiff.
5. Please produce all reports regarding the accident or incident referred to in this Complaint.
6. Please produce any records of any medical treatment for the Plaintiff in this matter.
7. Please produce all photographs, videotapes, and/ or audiotapes obtained regarding the Plaintiff, the Plaintiff's vehicle, or the defendant(s) vehicle in this matter.
8. Please produce all property damage estimates for all vehicles involved in this accident.
9. Please produce any photographs of the accident scene in this matter.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 410-2, demand is hereby made that you disclose to the undersigned whether there are any insurance policies or agreements under which a person or firm carrying an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Yes ( )   No ( ) If the answer is yes, attached a copy of each policy, or in the

alternative, state under oath or certification the following: (a) policy number; (b) name and address of the insurer or issuer; (c) inception and expiration date; (d) names and addresses of all persons insured under the policy; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) name and address of person who has custody and possession thereof; (i) where and when policy can be inspected.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Glen Devora, Esq. is designated as trial counsel.

## NOTICE PURSUANT TO R. 1:7-1

Pursuant to R. 1:7-1(b), Plaintiff hereby gives notice of his/her intention to suggest to the trier of fact that unliquidated damages be calculated on a time-unit basis without reference to a specific sum.

## CERTIFICATION PURSUANT TO RULE 1:38-7(B)

I hereby certify that all confidential personal identifiers have been redacted from the documents now submitted to the Court, and will be redacted from all documents submitted, in accordance with Rule 1:38-7(B).

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this plaintiff, and that there are no other parties, whom, to the knowledge of the plaintiffs' counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 2/22/19

JONATHAN D'AGOSTINO & ASSOCIATES, L.P.

BY: _____
GLEN DEVORA, ESQ.
Attorneys for Plaintiffs

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-001647-19**

| | |
|---|---|
| **Case Caption:** BELLONE ROBERT VS STONE TONY | **Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD) |
| **Case Initiation Date:** 02/22/2019 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** GLEN DEVORA | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** D'AGOSTINO & ASSOCIATES PC | **Hurricane Sandy related?** NO |
| **Address:** 3309 RICHMOND AVE STATEN ISLAND NY 10312 | **Is this a professional malpractice case?** NO |
| **Phone:** | **Related cases pending:** NO |
| **Name of Party:** PLAINTIFF : Bellone, Robert, M | **If yes, list docket numbers:** |
| **Name of Defendant's Primary Insurance Company (if known):** None | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO
If yes, is that relationship:
Does the statute governing this case provide for payment of fees by the losing party? NO
Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/22/2019                                                                  /s/ GLEN DEVORA
Dated                                                                       Signed